UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVYON C. HARBOR,<br><br>Plaintiff,<br><br>v.<br><br>CDCR, et al.<br><br>Defendants. | No. 2:19-cv-0384-EFB P<br><br><br><br>ORDER |

Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. His initial complaint was dismissed with leave to amend. ECF No. 6. Specifically, the court found that plaintiff had improperly attempted to pursue a class action (*id.* at 2) and had improperly joined three insufficiently related claims against multiple defendants (*id.* at 2-3). He has since filed an amended complaint (ECF No. 11) which is screened below.

Screening

I.    Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

1  *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41

2  (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

3  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

4  a cause of action's elements will not do. Factual allegations must be enough to raise a right to

5  relief above the speculative level on the assumption that all of the complaint's allegations are

6  true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

7  legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

8  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

9  In reviewing a complaint under this standard, the court must accept as true the allegations

10  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

11  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

12  the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must

13  satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

14  8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

15  pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

16  grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

17  II.     Analysis

18  Although plaintiff appears to have abandoned his attempts to pursue a class action, his

19  amended complaint still contains multiple, unrelated claims.

20  First, he alleges that staff at California Health Care Facility implemented an

21  "underground" policy of forcing inmates – including plaintiff – to undergo strip searches in front

22  of live video cameras and correctional staff of the opposite sex. ECF No. 11 at 6-7.  Plaintiff

23  states that various defendants, including Warden M. Martel, Associate Warden T. Weinholdt, A.

24  Young, F. Casillas, M. Grigsby, and C. Chamberlin were responsible for controlling and/or

25  exercising this policy.  *Id.* at 3-5.  He also alleges that, as a consequence of the foregoing policy,

26  defendant F. Casillas forced him to undergo an offensive search on October 31, 2017.  *Id.*  While

27  this search was ongoing, other correctional staff allegedly destroyed plaintiff's personal property

28  (though he does not specify the nature of the property).  *Id.* at 7.

Second, he claims that, after filing a grievance against defendants Young and Casillas on December 3, 2017, they approached him in his bunk and demanded he submit to another strip search. *Id*. When plaintiff refused, he was taken to a private area and sexually harassed in an unspecified way. *Id.* at 7-8. Plaintiff claims this was retaliation for the grievance he filed. *Id.* at 7

Third, plaintiff claims that, after filing another grievance on December 19, 2017, defendant Weinholdt "abused her authority" and denied plaintiff a facility transfer. *Id.* at 8. She also allegedly frustrated his exercise of First Amendment rights, but plaintiff does not explain how. *Id.*

Fourth, plaintiff alleges that defendants Casillas and Grigsby, in retaliation for the previously-filed grievances, pulled him from his bunk on February 6, 2018, and used excessive force against him. *Id.* at 8. Specifically, he claims that these defendants ripped him from his bunk as he slept, pushed him onto the ground, and jumped onto his back. *Id.*

Finally, plaintiff alleges that on April 6, 2018 he again refused orders to strip in front of female correctional staff. *Id.* at 9. Defendant Young then ordered defendant Grigsby to escort plaintiff to a dayroom. *Id.* There, defendant Chamberlin ordered a dog ("K-9 unit") to attack plaintiff. *Id.* at 10. Plaintiff suffered injuries to shin. *Id.* Afterwards, he was slammed to the ground by Young and Chamberlin and suffered injuries to his hand. *Id.*

As explained in the court's previous order, joinder of multiple, unrelated claims against multiple defendants is not permitted. Fed. R. Civ. P. 18; *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . ."). Whether excessive force was used against plaintiff on April 6, 2018 has no factual bearing on whether plaintiff was subjected to a retaliatory strip search in December of 2017. Attempting to litigate these disparate incidents in a single suit would be untenable.

Plaintiff will be given one final opportunity to amend his complaint. If he persists in his attempts to join unrelated claims, the court may exercise its discretion to "add or drop" parties as required. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

### III.     Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See George*, 507 F.3d at 607.  Nor, as mentioned above, may he bring unrelated claims against multiple defendants.  *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements.  Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.  He should also take pains to ensure that his amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

/////

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 11) is dismissed with leave to amend within 30 days from the date of service of this order; and

2. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: April 22, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE