Travyon C. Harbor (CDCR#T-98055
Deuel Vocational Institution
23500 Kasson Road
Tracy, California  95304
Plaintiff In Pro per.,

**FILED**

SEP 18 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Travyon C. Harbor )
          Plaintiff, )
                     )
     Vs.             )
                     )
CDCR, et al.,        )
          Defendants. )

Case No. 2:19-cv-0384-EFB-P

SECOND AMENDED COMPLAINT PURSUANT
TO; 42 U.S.C 1983, 12101 et seq.,
AND JOINDER OF CLAIMS PURSUANT
TO Fed.R.Civ.P Rule 18(a)

DEMAND FOR JURY TRIAL

## INTRODUCTION

Now Comes, Travyon C. Harbor, hereafter known as the plaintiff in the (SAC), which is brought without counsel in this action brought pursuant to 42 U.S.C. § 1983, 12101 ets eq.; and joinder of claims pursuant to Fed.R.Civ.P Rule 18(a).

This is a action for declaratory and injunctive relief, monetary damages, and punitive damages against the California Department of Corrections and Rehabilitation, Scott Keran (Secretary of CDCR at the time), M. Martel (Warden of California Health Care Facility at the time), and T. Weinholdt (Associate Warden of California Health Care Facility at the time), in there Governmental and individual capacities. CDCR correctional officers are being sued under there uniform names in there individual capacities. The plaintiff alleges that his constitutional rights were violated resulting from falling victim to, and then reporting the illegal CDCR policy, practice, and custom of conducting unclothed strip searches of inmates, and the illegal visual cavity, and genitalia searches in front of live video cameras, female correctional officers, and others whom where not participating in the searches. The plaintiff further alleges that because he reported this unconstitutional misconduct that he was subjected to

(1)

1  FIRST AMENDMENT retaliation, Excessive Force, and ADA discrimination by the

2  defendants, and this is the grounds for the request for joinder of claims pursuant

3  to Rule 18(a), Fed.R.Civ.P ].

4         The plaintiff seeks an order declaring illegal the defendants policies

5  subjecting inmates who are in there custody to strip nude in front of live video

6  cameras for cavity and genitalia searches without having a penologically

7  reasonable suspicion that the search will produce more contraband than having

8  inmates searched in a private setting away from cameras, female staff members,

9  and other inmates.

10        The plaintiff further seeks and order declaring illegal the defendants

11 policies of conducting the complained searches in areas which can be and are

12 observed by persons not participating in the searches.

13        Lastly, that the defendants strip search and visual body cavity and

14 genitalia searches, policies, practices, and customs violates the constitutional

15 rights of the  plaintiff[s] which are secured by the FOURTH AMENDMENT of the

16 United States Constitution, and entitles the plaintiff to recover damages under

17 Federal Civil Rights Act 42 U.S.C. § 1983, 1988, 1997, and 12101.

18

19                              STATE CAUSE OF ACTION

20     Additionally, the plaintiff includes supplemental claims under California

21 State Law against the defendants as followed: 1.) Intentional Infliction of

22 Emotional Distress in violation of California Penal Codes §§§ 2650, 2651, 2652

23 which prohibits subjecting inmates to cruel and unusual punishments  2.) for

24 violation of California Civil Code sections §§ 51.7(a)- Unruh Act, and 52.1,

25 52.1(b)- Bane Act, which entitles the plaintiff to recover $25,000.00 .  a...

26

27                                      (2)

28

for each Constitutional violation against each defendant  3.) Violation of California Penal Code Section § 147 which entitle the plaintiff to recover a statutory minimum of $4000.00 in damages against each defendant for each Constitutional violation 4.) Lastly, the plaintiff has a cause of action pursuant to California Government Code section § 815.6 against CDCR

## JURISDICTION

This action is brought pursuant to 42 U.S.C. §§§§ 1983, 1988, 1997, and 12101 et seq., and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341 subsection (3) and (4), and the aforementioned statutory and constitutional provisions, Under 28 U.S.C. § 1367 (a) the court has supplemental jurisdiction over the state claims alleged herein. The plaintiff brings a Tort cause of action pursuant to (Govt C. § 810, 815.6 et seq.)

## PARTIES

1.    Plaintiff Travyon C. Harbor, at all material times herein, was an inmate who was incarcerated at California Health Care facility, Stockton, CA in which this facility is a Department of the Corporate entity California Department of Corrections and Rehabilitation. The plaintiff was incarcerated at (CHCF) before the filing of this complaint and is now housed at CSP-Solano.

2.    Defendant SCOTT KERNAN was the (secretary of CDCR), at the time of the alleged deprivations, and at all material times referred to herein, was the duly elected Secretary of the California Department of Corrections and Rehabilitation, this defendant was instrumental in the developing of policies and processes that focus on staff well-being and training, inmate rehabilitation and staff treatment of inmates and staff & inmate accountability . He is being sued in his individual capacities.

3. Defendant M. MARTEL (warden at California Health Care Facility) is, and at all material times referred to herein, was the warden at (CHCF), Stockton,CA ,this defendant was supervisor over all staff and Correctional officers at CHCF and being so did have superior authority and control over policies and procedures exercised by CDCR staff members at CHCF at the said time when the alleged civil deprivations took place. He is being sued in his individual capacities.

4.   Defendant T. WEINHOLDT (associate warden at California Health Care Facility) is, and at all material times referred to herein, was the associate warden at (CHCF), Stockton,CA, this defendant was the second in charge who conducted supervision over all staff and correctional officers at (CHCF) and being so did have authority and control over policies and procedures exercised by CDCR staff members at CHCF at the said time when the alleged deprivations took place. This defendant is being sued in there individual capacities.

5.   Defendant A. Young is a peace officer for CDCR who, as a part of his duties at California Health Care Facility, did supervise the actions of his subordinate correctional officers as a senior officer and K-9 unit, this defendant  had authority and control over inmates at CHCF to exercise policies and procedures. This defendant is being sued in his individual capacities.

6. Defendant F. CASILLAS is a peace officer for CDCR who, as pat of his duties at California Health Care Facility, did supervise the actions of inmates and did have authority and control over inmates at CHCF to exercise policies and procedures. This defendant is being sued in his individual capacities.

(4)

1    **7.**  Defendant M. GRIGSBY is a peace officer for CDCR who, as part of his

2  duties at California Health Care Facility, did supervise the actions of inmates

3  and did have authority and control over inmates at CHCF, to exercise policies

4  and procedures. This defendant is being sued in his individual capacities.

5

6    **8.**  ⸱⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱

7    ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱

8    ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱

9    ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱

10   ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱

11   ⸱ ⸱ ⸱ ⸱

12

13   **9.**  The defendants CDCR correctional officers sued herein are all peace

14  officers who, as part of their duties at California Health Care Facility, did

15  subject the plaintiff to unclothed strip searches and visual cavity and genital

16  searches in front of video cameras and female staff members, being sexually

17  harassed , First Amendment retaliation, and excessive force. The defendants did

18  violate the plaintiffs privacy rights, without having in writing, a reasonable

19  suspicion that these searches would be productive and produce more contraband

20  or weapons and/or would be more successful conducting these searches in an open

21  area being observed by others than in a private setting outside of those not

22  participating in the searches.

23   **10.**  At all material times mentioned herein, each of the defendants were

24  acting under the color of law, to wit, under the color of statutes, ordinances,

25  regulations, policies, customs and usages of the state of California, California

26  Government Code, County of San Joaquin and California Department of Corrections

27  and Rehabilitation. These defendants are being sued in there individual

28  capacities.

11.   Defendant THE DEPARTMENT OF CORRECTIONS AND REHABILITATION is, and at all times referred to herein as CDCR, was a division of the state of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence of the type of wrongs complained of herein below. The defendants actions knowningly and deliberate indifference acts constitutes American with Disabilities Act and Rehabilitation Act violations, based on the principles set forth in **Monell vs. New York City Department of Social Services,** **436 U.S. 658; Whitley vs. Albers,** 475 U.S. 312,319; **Rhodes vs. Robinson,** 408 F. **3d. 559 (2004),** and these herein-cited defendants are liable for all injuries that was sustained by the plaintiff and did subject him to (ADA) discrimination under Title **II** of the (ADA) 42 U.S.C. § 12132 and enforcement under § 12133, and rights setforth in **§794 (a)** of Title 29 U.S.C. shall be the remedies of procedures for discrimination on the bias of the plaintiffs' disability in violation of **42 U.S.C. § 12132.** The plaintiff's allegations against CDCR are based on acts and omissions of the defendants M. MARTEL (warden at CHCF), and T. WEINHOLDT (associate warden at CHCF), and there subordinate officers and on acts the departmental policies handed down from the secretary of CDCR at the **time** defendant SCOTT KERNAN and acts and omissions of persons who are CDCR employees, and on the state of California breach of its duty to protect the **plaintiff** from wrongful conduct and (ADA) discrimination by said persons and employees. The defendant California Department of Corrections and Rehabilitation is being sued under Governmental entity.

**FACTS**

12. On October 31, 2017 investigative service unit (ISU) correctional staff at California Health Care Facility Stockton, Ca, did conspire after a meeting of the minds, and put into place and implemented an underground policy which was **meant and** did violate the plaintiff's constitutional rights. The alleged civil **misconduct** on the part of the defendants in this case did subject the plaintiff

1 | to a Fourth Amendment violation. This was based upon the plaintiff was forced
2 | to strip nude by defendant F. Casillas, in which these searches took place
3 | in the front of live video cameras, and female correctional staff (K. Mctaggart),

4 |      Defendant A.Young supervised as defendant F. Casillas and other (ISU)
5 | staff members destroyed the plaintiff's, state, and other inmates property.
6 | After these defendants exited (E-4-B) housing unit, the plaintiff along with
7 | 36 inmates walked to CHCF program office and complained to (officer) Lt.MIMS.
8 | This officer then walked back with the plaintiff and 36 inmates to asses the
9 | damages caused by the defendants.

10 | 13. After the acts of the defendants on October 31,2017 the plaintiff along
11 | with the 36 inmate file a group appeal against the defendants and others (ISU)
12 | correctional staff. This Appeal was filed on November 08,2017, and on December
13 | 03,2017 action was taken against the defendant by CHCF (associate warden at
14 | the time) J. Porras.

15 | 14. After the associate warden J. Porras took administrative action against
16 | defendants A. Young and F. Casillas on December 03,2017, the defendant Casillas
17 | in concert action with other (ISU) officers entered (E-4-B) housing unit. The
18 | defendant F. Casillas ran and approached the plaintiff who was at his bunk
19 | and ordered in an aggressive manner, "Take your fucking close off right now!!!"
20 |      The plaintiff refused the defendants orders and stated "I'm not taking my
21 | close off for your sexual enjoyment." After the plaintiff refused to be sexually
22 | humiliated in front of female staff and other inmates, the defendant balled
23 | up his fist as if he was going to strike the plaintiff, ordering the plaintiff
24 | for a second time stating "Get Naked!", in which the plaintiff refused. At
25 | that time the plaintiff turned his back to the defendant and requested that
26 | the defendant cuff him up stating "I have the right to be searched in private
27 | and/ or go through the X-ray machine." The defendant cuffed up the plaintiff
28 | and then stated "Your going to fucking pay for writing me and my partner up!"

1   The plaintiff was then escorted to a private area to be humiliated and striped

2   nude. During this search of (E-4-B) the plaintiff was the only inmate striped

3   and sexually harassed.

4   15. On December 19,2017 the plaintiff filed an grievance reporting the above

5   acts of retaliation committed by defendant F. Casillas, and had requested that

6   CHCF reviewing staff apply PREA protocols pursuant to the D.O.M. (Departmental

7   Operational Manual) section 44 chapter 5, and Title 15 section 3401.5 (g) be

8   applied based upon the plaintiff did report staff sexual misconduct on November

9   08,2017, and now plaintiff is being subjected to First Amendment retaliation.

10   On February 28,2018 defendant T. Weinholdt abused her authority and denied

11   the plaintiff protections measures pursuant to the Title 15 section 3401.5

12   (g) and further denied the plaintiff the right to not be transferred out of

13   the facility for the enjoyment and the exercising of his First Amendment rights.

14   16. On February 06,2018 defendants F. Casillas and M.Grigsby in concert action

15   with the CHCF (ISU) correctional staff did agree after a meeting of the minds,

16   to retaliate against the plaintiff and other inmates in the (E-4-B) housing

17   unit. At 10:30 p.m. while the plaintiff was asleep defendants F. Casillas and

18   M. Grigsby engaged in a pattern of misconduct when these defendants pulled

19   plaintiff out of his bunk and used unreasonable and excessive force. Defendant

20   F. Casillas grabbed the plaintiff's arm and forcefully pulled the plaintiff

21   out of his bunk. The plaintiff stated to the defendant that he was a member

22   of the American with Disabilities Act (ADA) class, and that he could not bend

23   his knees properly based upon his mobility impairment. The defendant M. Grigsby

24   watched as the plaintiff made his request, defendant F. Casillas disregarded

25   the plaintiff's request then state to the plaintiff "Fuck your ADA status!",

26   as the defendants tripped and pushed the plaintiff to the ground and defendant

27   M. Grigsby did jump on the plaintiff's back while he was down. Defendant

28                                    (8)

1   M. Grigsby then held the forehead of the plaintiff, forcing the plaintiff to

2   watch as correctional officers physically assault and pepper spay inmates while

3   they where asleep in there bunks.

4   17.   The defendants F. Casillas and M. Grigsby then forced the plaintiff to be

5   stripped nude in front of inmates who where not participating in the searches,

6   and female correctional staff, while under treat by CDCR (ISU) K-9 units. On

7   February 21, 2018 the plaintiff filed his grievance against the defendants F.

8   Casillas and M. Grigsby for the violating his ADA rights and for the use of

9   unreasonable, and unnecessary excessive force. After the filing of this grievance

10  the (Warden) defendant M. Martel took no administrative or punitive action against

11  the defendants.

12                                  CLAIMS

13  22.     CLAIM 1.)     THE DEFENDANTS VIOLATED THE FOURTH AMENDMENT CONSTITUTIONAL
                          RIGHTS OF THE PLAINTIFF WHEN THEY FORCED THE PLAINTIFF TO
14                        PERFORM UNCLOTHED STRIP SEARCH, AND VISUAL CAVITY AND
                          GENITALIA SEARCHES IN FRONT OF LIVE VIDEO CAMERAS, FEMALE
15                        CORRECTIONAL STAFF, AND OTHERS NOT BEING SEARCHED

16  23.  On October 30, 2017 defendants A. Young, F. Casillas, and M. Grigsby in

17  concert action with CHCF (ISU) officers, entered (E-4-B) housing unit. Defendants

18  A. Young was the supervising over his subordinate defendant F. Casillas and

19  he did order this defendant to force the plaintiff to take part in unclothed

20  strip and vsual cavity and genitalia searches, and these defendant knew or should

21  of known that these type of searches where illegal and unconstitutional. The

22  defendant A. Young as a supervising officer knew or should of known that it

23  was a violation of CDCR policy to strip the plaintiff nude in front of live

24  video cameras, female correctional staff (officer K. Mctaggart), and others

25  not participating in the searches. The defendants A. Young and F. Casillas knew

26  or should of known that it was a violation of the plaintiff's constitutional

27

28

                                    (9)

and CDCR policy to conduct these type of searches without having a record and/or written statement from the (Warden) defendant M. Martel, stating that the defendants had a reasonable suspicion that the plaintiff was the target of the search, and that the alleged acts on the part of the defendants A. Young and F. Casillas would be productive and produce more contraband or weapons and/ or would be more successful conducting these searches in an open area, being observed by others, and on live video camera than in a private setting protecing the privacy rights of the plaintiff.

24. The defendant F. Casillas knew or should of known that it was illegal and unconstitutional to make sexually harassing and humiliating comments about the size of the plaintiff and other inmates private parts and physical physiques. This defendant made these statements in front of female correctional staff in an attempt to humiliate the plaintiff and others and in doing so did knowingly violate CDCR policy set forth in Title 15 § 3297 (4)(b), and this defendants action may have been captured on live video and stored in CDCR computer data base at CHCF. The defendant California Department of Correction and Rehabilitation is liable for the injuries caused to the plaintiff based upon this Governmental Agency did not produce policies to protect inmates privacy rights based upon there instituting live video cameras in the institutions housing units.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)
54769

1  

2  

3  

4  

5 **25.  CLAIM 2.)  THE DEFENDANTS IN THIS COMPLAINT DID SUBJECT THE**

6 **PLAINTIFF TO FIRST AMENDMENT RETALIATION AND THE PLAINTIFF ALSO BRINGS A STATE CAUSE OF ACTION PURSUANT TO CALIFORNIA CIVIL CODE § 52.1 (b)-Bane Act FOR THE**

7 **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

8 **26.** On November 08,2017 the plaintiff on the behalf of 36 inmates filed a group

9 appeal against the defendants in this complaint. This grievance was centered

10 around nude searches, sexual harassment, and destruction of property. On

11 December 03,2017 (associate warden at the time) J. Porras took corrective action

12 against the defendants Young, Grigsby, and Casillas for this alleged misconduct.

13 **27.** On December 12,2017 after disciplinary action was taken against these herein

14 sited defendants, defendant F. Casillas in concert with CHCF (ISU) correctional

15 staff stormed (E-4-B) housing unit looking for the plaintiff. This defendant

16 then approached the plaintiff visibly angry and then stated " Get your fucking

17 ass up off that bunk now!!""Oh you like writing 602's on staff!""Take off your

18 cloths and get naked!!"

19 **28.** The plaintiff seeing that there were female staff members present watching

20 and that there was other staff and inmates who were not participating in the

21 search watching, refused the orders of the defendant. The plaintiff understood

22 that the defendant was abusing his power and attempting to violate the rights

23 of the plaintiff requested that he be hand cuffed and taken to a private area

24 outside the view of female staff, inmates, and others correctional staff not

25 participating in the search. The plaintiff furthered requested to be taken

26 through the institutional X-RAY machine.

27 **29.** Upon the plaintiff refusing this defendants orders the defendant then balled

28 up his fist as if he was going to punch the plaintiff while his back was turn

1   and this action did cause fear in the heart and mind of the plaintiff who was

2   defenseless with his hands placed behind his back. At this time other staff seen

3   this defendant yelling and about to strike the plaintiff with his fist and grab

4   defendant F. Casillas. The defendant could now be heard yelling to the plaintiff

5   "Your going to pay for that 602 you wrote on us!!!" The plaintiff was forced

6   by two other staff to take part in a nude, visual cavity and genitalia search

7   in the bathroom of housing unit (E-4-B). During this search defendant F.Casillas

8   stood outside the bathroom window and watch as the plaintiff exposed himself.The

9   plaintiff was the only inmate searched in this manner on December 12,2017, in

10  which these searches did not produce any contraband whatsoever.

11  **STATE CAUSE OF ACTION PURSUANT TO CIVIL CODE § 52.1(b):**

12  **30.** The plaintiff was engaging in a constitutionally protected activity on

13  November 08,2017 when he and 36 inmates reported staff sexual misconduct and

14  abuse pursuant to PREA. The defendant F. Casillas actions to retaliate, harass,

15  intimidate, and intimidate by threat of violence by ball his fist up to strike

16  the plaintiff, for exercising his United States First Amendment; and California

17  Cons Art **I section 3** rights did make this defendant liable under this section.

18  The defendant F. Casillas actions on December 12,2017 in concert with defendant

19  A. Young was performed in retaliation of disciplinary action being taken on the

20  defendants on December 03,2017 by associate warden at the time J. Porras. The

21  defendants acts were committed under the color of law which entitles the

22  plaintiff to relief in this section.

23  **STATE CAUSE OF ACTION: Intentional Infliction of Emotional Distress**

24  **31.** The plaintiff was subjected to emotional distress which aggravated plaintiff

25  PTSD syndrome. The misconduct from December 12,2017 was complained to (MHDS).

26  **(i).** The conduct of defendant F. Casillas addressing the plaintiff about his

27  filling of his group appeal in an angry and violent manner was extreme and

28  outrageous and was meant to threaten and intimidate others from reporting abuse.

1   (ii). The plaintiff was placed under emotional distress by the defendant from

2   the fear of being beaten by an angry correctional officer who had power and

3   control over the plaintiff. These acts did acerbate the plaintiff's PTSD

4   syndrome and these injuries was reported to (MHSD) at CHCF.

5   (iii). The actual and proximate cause of the emotional distress by defendant's

6   outrageous conduct was 1.) the fear of being beaten by an officer, and 2.)

7   The fear of being killed for the exercising of constitutional rights protected

8   by the First Amendment. This defendant did ball up his fist in an attempt

9   to strike the plaintiff while plaintiff's back was turn, and the fear

10  :   did cause the emotional distress complained. The plaintiff has pled

11  a state cause of action for intentional infliction of emotional distress against

12  defendant   Casillas, which alleged acts stemmed from the plaintiff engaging

13  in his constitutionally protected activities by reporting staff sexual abuse.

14  32.         CLAIM 3.)    THE DEFENDANTS IN THIS COMPLAINT DID SUBJECT THE
                             PLAINTIFF TO EXCESSIVE FORCE AND ADA DISCRIMINATION
15                           IN VIOLATION OF 42 U.S.C.§ 12101 et seq., PLAINTIFF
                             ALSO BRINGS A STATE CAUSE OF ACTION PURSUANT TO
16                           CALIFORNIA CIVIL CODE § 51.7(a)-Unruh Act and 52.1(b)

17  33. On February 06,2018 at 2230 hours defendants F. Casillas and M.Grigsby

18  in concert with other (ISU) correctional staff agreed after meeting of the

19  minds to retaliate against the plaintiff and other inmates. This retaliation

20  was for the plaintiff reporting staff sexual misconduct and other violations

21  which took place on October 31,2017. Once defendants Casillas and Grigsby

22  entered (E-4-B) housing unit, these defendants in concert action with CHCF

23  (ISU) correctional officers targeted specific inmates, all who were listed

24  as complainants on the group appeal. The plaintiff did fall victim to excessive

25  and unnecessary force committed by these two defendants. The plaintiff was

26  awaken by the defendants F. Casillas and M.Grigsby, in which these two grabbed

27  the plaintiff out of his bunk while he was sleep and knew or should of known

28  that doing so without warning could injured the plaintiff who is disabled.

1  Upon being grabbed by the defendants plaintiff did put the defendants on notice

2  that he was permanently disable and that he could not properly bend his knees

3  due to his ADA status. At that point defendant Casillas did state discriminary

4  remarks to the plaintiff before he and defendant Grigsby slammed plaintiff

5  to the ground. Defendant M. Grigsby did intentionally place his leg in front

6  of the plaintiff's legs and did forcefully tripped and slammed the plaintiff

7  to the ground jumping on top of the plaintiff knees first into the back of

8  the plaintiff.The defendant knew or should have known that blatant disregard to

9  the plaintiff's disabilities could cause serious injury, pain and suffering

10  to the plaintiff.

11  34. Once on the ground the defendants did grab the plaintiff's forehead

12  and held his hand behind his back forcefully making the plaintiff watch as

13  other (ISU) correctional staff assaulted, and pepper sprayed inmates while

14  they were sleep, based upon there participating in the reporting of staff sexual

15  misconduct . These two herein sited defendants knew or should of known that

16  there actions where meant to cause fear in the heart and mind of the plaintiff,

17  and did in fact cause emotional distress to the plaintiff based upon he engaged

18  in a constitutionally protected activity by reporting staff sexual misconduct.

19  42 U.S.C. § 12101 et seq., American with Disabilities Violation:

20  35. The plaintiff suffers from a physical mobility impairment of being mobility

21  impaired stemming from two knee surgeries 1.) 2012, and 2.) 2014 from a torn

22  meniscus to the plaintiff's left knee. These surgeries have put substantial

23  limits on the plaintiff's life activities such as neurological nerve damage,

24  sitting, standing, walking and bending of the knee's. The plaintiff has

25  permanent mobility devices such as cane, and knee braces which allows plaintiff

26  to stand correctly with the proper support that's needed for someone in his

27  conduction.

28  36. Defendants F. Casillas and m. Grigsby did discriminate against the plaintiff

1  disabilities by denying him access to his medical devices without a penelogical

2  reason to do so. Defendant F. Casillas comments stating "Fuck your ADA status",

3  was discriminatory in that the defendant knew that the plaintiff had mobility

4  issues. Defendant M. Grigsby concert acts of tripping and jumping on top of

5  the plaintiff's back was discriminatory and malicious violating the 8th and

6  14th Amendments of the United States Constitution. The defendants when they

7  committed these deprivations due to some policy or law from there superior

8  defendant M. Martel (warden at CHCF), did perform the unconstitutional acts

9  under the color of law, herein-cited alleged defendants are not immune because

10  they had acted in there own individual capacity when they put into place the

11  underground policy, and the plaintiff's rights to not be discriminated against

12  was clearly established in light of the time of the events in questioned. The

13  plaintiff has stated a prima facie claim for monetary relief.

14  <u>STATE CAUSE OF ACTION PURSUANT TO CIVIL CODE § 51.7 (a):</u>

15  37. Defendants Casillas and Grigsby did subject the plaintiff to violence,

16  intimidation, and threat of violence. This attack was based upon the plaintiff's

17  reporting sexual misconduct. The defendants did discriminate against plaintiff's

18  American with Disabilities status, which the plaintiff is a class member of

19  thisis protected group. Thus, the plaintiff has stated a cause of action under

20  this section which entitles the plaintiff to monetary relief.

21  <u>STATE CAUSE OF ACTION PURSUANT TO CIVIL CODE § 52.1 (b):</u>

22  38. Defendants F. Casillas and m. grigsby are correctional employee's employed

23  by CDCR and at the time complained were acting under the color of state law.

24  These defendants did in there individual capacities, interfere by way of threat,

25  intimidate, coerced and attempted to interfere with the plaintiff's exercise

26  and enjoyment of rights which are secured by the United States and this State.

27  California Penal Code sections §§§§ 147, 2650, 2651, and 2652 prohibits the

28  subjection of inmates who are in state prison to cruel and unusual punishments.

48.       CLAIM 4.)    THE DEFENDANTS IN THIS COMPLAINT VIOLATED THE EIGHTH
                       AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE
                       PLAINTIFF HAS A CLAIM UNDER SUPERVISORY LIABILITY
                       AGAINST DEFENDANTS M. MARTEL AND T. WEINHOLD

49.       On February 20, 2018 defendants M. Martel (Warden at CHCF, and T.Weinholdt associate Warden, as supervisors were the reviewing staff at CHCF, who did in fact hear the plaintiff's 602 grievance regarding the December 12, 2017 incident which the defendant F. Casillas had retaliated against the plaintiff for reporting staff sexual misconduct, destruction of state and inmates property, and sexual abuse.

50.    In defendants response to the plaintiff's grievance dated February 28, 2018 (First level response), the defendants violated the plaintiff's DUE PROCESS rights. This happen when defendant M. Martel and defendant T. Weinholdt stated they would not apply protection measures pursuant to title 15 § 3401.5(g), which protects inmates who report staff sexual misconduct. The defendants stated there reason for denying these protections was that the plaintiff had not established that he himself had been sexual abused, so therefore no protection was needed.

51.    The defendants abused there discretion in that protection measures pursuant to title 15 § 3401.5 (g), is designed to protect inmates who (REPORT) staff sexual misconduct not one who has fell victim to said misconduct. These defendants as supervisors knew or should have known by not affording the plaintiff these protections that they would only be sending a message to there subordinates that retaliatory acts against the plaintiff would be tolerated. On there action and/or inaction the defendants in this complaint took full advantage of this green light policy to retaliate against inmates who report staff sexual misconduct.

52.    These herein sited defendant knew or should of known that after J. Porras associate warden at the time, took action against defendants Young, Casillas, and Grigsby on November 08, 2017 which was documented, and Now plaintiff's report

1  of being retaliated against based upon the aforementioned, defendants M. Martel
2  and T. Weinholdt had a mandatory duty as supervisors to protect the plaintiff
3  from retaliation by staff for reporting staff sexual misconduct.

(17)

1 | THE PLAINTIFF HAS EXHAUSTED ALL CDCR ADMINISTRATIVE REMEDIES:

2 | **52.** The plaintiff has complied with CDCR appeal process and all appeals

3 | associated with this complaint has been fully exhausted on all issues. The

4 | appeals which are log is as followed: 1.) Local Log No. CHCF-17-04015 TLR

5 | Case No.1803630, 2.) Local Log No. CHCF-17-04510 TLR Case No.1808163, 3.)

6 | Local Log No. CHCF-18-00707 TLR Case No.1804477,

7 |

8 | CAUSES OF ACTION

9 | COUNT ONE

10 | **53.** (Violation of the Fourth          Amendment  to the United States

11 | Constitution).

12 | **54.** Plaintiff re-alleges and hereby incorporates herein the preceding the

13 | paragraphs of this complaint, to the extent relevant, as if fully set forth.

14 | **55.** The defendants California Department of Correction and Rehabilitation

15 | , Scott Kernan, M.Martel, A.Young, F.Casillas, and M. Grigsby actions on

16 | October 31,2017 violated the plaintiffs constitutional rights.

17 | **56.** Defendants California Department of Correction and Rehabilitation under

18 | Governmental entity, and Scott Kernan as the secretary outlined and approved

19 | the policies, practices, and custom regarding the strip and visual cavity

20 | and genitalia searches in front of live video cameras complained of herein,

21 | did violate the rights of the plaintiff.

22 | **57.** The defendant M. Martel (warden at CHCF), actions approving and adopting

23 | the policies, practices, and customs regarding the nude strip and visual body

24 | cavity searches at his institution which has live video cameras through out

25 | the institution, and not designating a private area for these type of

26 | searches based upon these live video cameras through out the institution did

27 | violate the plaintiffs' constitutional rights.

28 | **58.** The defendant A. Young actions on October 31,2017 under the direction

1 of defendant M. Martel, to order the defendants F. Casillas and M. Grigsby
2 to target the plaintiff for complained searches after a meeting of the minds
3 did violate the rights of the plaintiff, under the Fourth Amendment to be
4 free from unreasonable searches and seizures.

5 **59.** The defendants F. Casillas and M. Grigsby actions ordering, intimidating,
6 by way of coercion and threat forcing the plaintiff to give up his Fourth
7 Amendment right, subjecting the plaintiff to bend over exposing his cavity
8 and genitalia in front of live video cameras, female correctional staff, and
9 others not participating in the searches did violate the rights of the
10 plaintiff, and directly and proximately damaged plaintiff, entitling the
11 plaintiff to recover damages for said violations pursuant to **42 U.S.C. § 1983**
12 **; California Civil Code § 52.1 (b); California Government Code § 815.6 et**
13 **seq.,**

14 <center>**COUNT TWO**</center>

15 **60.**    (Violation of the  First Amendment to the United State Constitution;
16 California Civil Code § 52, 52.1 (b); California Penal Code § 147)
17 **61.** Plaintiff re-alleges and hereby incorporate herein the preceding
18 paragraphs of this complaint, to extent relevant, as fully set forth.
19 **62.** The defendant F. Casillas policies, practices, and customs regarding
20 retaliation for the plaintiff reporting staff sexual misconduct committed
21 by him and other (ISU) correctional staff at CHCF. The defendant did in fact
22 retaliate on the plaintiff on December 12,2017 in concert action with the
23 defendant A. Young did retaliate and afflict intentional emotional distress
24 to the plaintiff for reporting staff sexual misconduct, strip and visual body
25 and cavity searches which did violated the rights of the plaintiff. Under
26 California penal code sections § 147, which directly and proximately damaged
27 plaintiff, the plaintiff is entitled to recover $4,000.00 for a violation
28 of Penal Code section § 147 for the defendant. Furthermore a minimum damage

<center>{19 }</center>

1   of $25,000.00 from the defendants each per violation pursuant to California

2   Civil Code sections §§ 52, 52.1 (b) in addition to other damages pursuant

3   to 42 U.S.C. § 1983.

4                               **COUNT THREE**

5   **63.**   (Violation of the Eighth Amendment of the United States Constitution;

6   California Civil Code sections §§ 52, 52.1 (b) )

7   **64.**   Plaintiff re-alleges and hereby incorporates herein the preceding and

8   paragraphs of the complaint, to extent relevant, as fully set forth.

9   **65.** The defendant F. Casillas actions of pulling the plaintiff out of his

10   bed while the plaintiff was sleep and slamming him on the flour constitutes

11   a claim of excessive force which happened on February 06,2018. Defendant

12   F. Casillas had a mandatory duty to make sure that the plaintiff was awake

13   before he engaged the plaintiff with force. The defendant furthermore was

14   obligated by law to allow the plaintiff access to his cane and to put on

15   his knee brace after being put on notice of the plaintiff's ADA status. The

16   actions of this defendant did violate the plaintiffs constitutional rights

17   and did violate California Penal Code sections §§ 2650, 2651, and 2552 which

18   prohibits subjecting inmates to cruel and unusual punishments.

19   **66.** The actions of the defendant M. Grigsby on February 06,2018 to place

20   his leg in front of the plaintiff's legs, and forcefully trip and slam the

21   plaintiff to the ground did violate the Constitutional rights of the

22   plaintiff. Furthermore the action by this defendant to place the plaintiff's

23   hands behind his back and force the plaintiff to watch other inmates being

24   assaulted, peppered sprayed, and attacked did directly and  proximately

25   subject the plaintiff to cruel and unusual punishment. The actions of this

26   defendant discriminating against the plaintiff's ADA rights did violate the

27   plaintiff's constitutional protection to be free from cruel and unusual

28   punishments by officers acting under the color of law.

COUNT FOUR

67. (Violation of the Fourteenth Amendment of the United States Constitution;

42 U.S.C. § 12101; California Civil Codes § 51.7 (a), 52, and 52.1 (b) )

68. Plaintiff re-alleges and hereby incorporates herein the proceding paragraphs

of this complaint, to extent relevant, as fully set forth.

69. The defendant F. Casillas actions on February 02, 2018 denying the plaintiff

access to his mobility devices after being put on notice by the plaintiff of

his ADA status did violate the rights of the plaintiff which are protected under

42 U.S.C. § 12101-American with Disabilities Act. The act to discriminate against

the plaintiff was meant to cause pain and injury to the plaintiff when this

defendant slammed plaintiff to the ground after being put on notice by plaintiff.

70. This defendant actions were in retaliation for plaintiff reporting staff

sexula misconduct, which the has protected rights pursuant to Califorina Civil

Code § 51.7 (a), to be free from violence or intimidation based upon his

disability. The defendant's actions directly and proximately damaged plaintiff

, entitling the plaintiff to recover damages for said violations pursuant to

42 U.S.C. §§ 1983, 12101; California Civil Codes §§§ 51.7 (a), 52, and 52.1

(b).

71. The defendant M. Grigsby in concert action with defendant F. Casillas did

on February 06, 2018, deny the

(21)

1 | plaintiff access to his mobility devices after hearing the plaintiff request
2 | made to defendant F. Casillas in which these defendants had a mandatory duty
3 | to allow the plaintiff access to his mobility devices. The plaintiff has
4 | protected rights pursuant to 42 U.S.C. § 12101, and the defendants action
5 | to discriminate against these rights where meant to injure the plaintiff
6 | as this defendant did purposely trip and slam the plaintiff to the ground.
7 | This defendants actions were in retaliation for the plaintiff and others
8 | reporting staff sexual misconduct, which the plaintiff has protected rights
9 | pursuant to Civil Code sections § 51.7 (a), 52 to be free from violence,
10 | intimidation, and discrimination based upon disability and constitutional
11 | rights. The defendants actions directly and proximately damaged plaintiff,
12 | entitling the plaintiff to recover damages for said violations pursuant to
13 | 42 U.S.C. §§ 1983,12101; California Civil Code §§§ 51.7 (a), 52, 52.1 (b).
14 | **72. On February 20,2018 the defendant M. Martel(warden) knew of the defendant**
15 | F. Casillas retaliating against the plaintiff for reporting staff sexual abuse
16 | and misconduct based upon the grievance filed by the plaintiff. This defendant
17 | was aware of his subordinate's behavior and failed to take steps to prevent the
18 | c ontinuance of these attacks against the plaintiff. This defendant after being
19 | put on notice of these alleged attacks violated the plaintiff's Due process and
20 | equal protection rights, by denying the plaintiff the PREA protection measures
21 | pursuant to Titile 15 section § 3401.5 (g), which protects inmates who report
22 | staff sexual misconduct. This defendant had a duty to protect the plaintiff
23 | from his subordinates actions and knew or should of known that by not protecting
24 | the plaintiff made him liable for any overt acts committed by his subordinates
25 | against the plaintiff for reporting staff sexual misconduct. Thus, defendant
26 | M. Martel is liable for his actions or inactions which did directly and
27 | proximately damaged plaintiff, entitling the plaintiff to recover damages for
28 | deprivations pursuant to 42 U.S.C. §§ 1983,12101; California Civil Code §§§

1 | 51.7 (a), 52, 52.1 (b).

2 | **73.** On February 20,2018 defendant T. Weinholdt (associate warden), knew of the
3 | defendant F. Casillas retaliating against the plaintiff based upon the reporting
4 | of staff sexual misconduct. This defendant was put on notice of the actions
5 | taken against the plaintiff by his subordinate F. Casillas. Defendant Weinholdt
6 | after being put on notice of this alleged retaliation violated the plaintiff's
7 | Due process and Equal protection rights, when after a meeting of the mind with
8 | defendant M. Martel agreed to deny the plaintiff protection measures pursuant
9 | to PREA, pursuant to Tilte 15 section § 3401.5 (g). This defendant had a duty
10 | to protect the plaintiff from her subordinates actions and knew or should of
11 | known that by not doing so made her liable for **any** overt act committed against
12 | the plaintiff in the furtherance of the conspiracy to retaliate. Thus, defendant
13 | T. Weinholdt is liable under the doctrine of supervisory liability for alleged
14 | actions or inactions which did directly and proximately damaged plaintiff,
15 | entitling the plaintiff to recover damages for deprivations pursuant to 42 U.S.C
16 | §§ 1983,12101; California Civil Code §§§ 51.7 (a), 52, and 52.1 (b).

17 | <div align="center">**PRAYER FOR RELIEF**</div>

18 |   **WHEREFORE,** plaintiff seeks judgment as follows:

19 | **1.** For declaratory and injunctive relief declaring illegal and enjoining,
20 | preliminary and permanently, defendants' policies, practices, and customs of
21 | subjecting inmates to strip and visual body cavity searches without having a
22 | reasonable suspicion that such searches would be productive of contraband or
23 | weapons, and conducting said searches on male inmates in front of female staff
24 | members and searches in non-private areas in front of live video cameras in a
25 | area observable by persons not participating in the search;

26 | **2.** Certification of the plaintiff's complaint concerning defendants policy,
27 | practice, and customs of subjecting inmates to strip and visual body cavity and
28 | genitalia searches without having a reasonable suspicion (         )

1   that the searches would be productive of contraband or weapons and not done for

2   the defendants own sexual pleasure and/or abuse and harassment.

3

4   **3.** For declaratory and injunctive relief declaring illegal and enjoining

5   preliminarily and permanently, defendants' policies, practices, and customs of

6   retaliating against inmates who exercises there protected First Amendment Rights

7   when reporting staff sexual misconduct and Constitutional violations under the

8   color of law.

9

10   **4.** For compensatory, general , and special damages for the plaintiff, as to

11   all defendants in the amount of at least $250,000.00 per defendant.

12

13   **5.** In addition to compensatory and statutory damages as allowed by law and

14   Pursuant to California Penal Code § 147, at least $4,000.00 per each defendant

15   for each violation suffered by the plaintiff.

16

17   **6.** In addition to compensatory and statutory damages as allowed by law, at least

18   $25,000.00 per defendant for each violation pursuant to California Civil Code

19   §§§ 51.7 (a), 52, 52.1 (b), for each violation alleged in each claim.

20

21   **7.** Furthermore, pursuant to 42 U.S.C. §12101 et al.,; 29 U.S.C. § 794(a)(b),

22   for violations of the Americans with Disability Act of 1990 (ADA), and (RA),

23   the plaintiff seeks damages against defendant California Department of

24   Corrections and Rehabilitation as allowed by law in the amount of at least

25   $1,000,000.00 per violation suffered by the plaintiff.

26   Date: 9-14-2020                                Respectfully submitted,

27                                                 Trayvon C. Harbor
                                                   In Pro se.,

28                                        (24)

**VERIFICATION**

I, Travyon C. Harbor, have read the foregoing complaint and hereby verify that the matters alleged therein are true and correct, except as matters alleged on information and belief, and as to those I believe them to be correct, and declares under the penalty of perjury and the laws of the State of California and the United States that the foregoing is true and correct.

This declaration was executed on the 14th day of September 2020, in Tracy California.

Travyon C. Harbor

(25)

# PROOF OF SERVICE BY MAIL

## BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am

a prison inmate. Travyon C. Harbor CDCR# T-98055
Deuel Vocational Institution
My prison address is: 23500 Kasson Road

Housing: F-wing 141 low

Tracy, California 95304

On the "date" specified below, I served the following document(s) on the parties listed below by

delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to

the "Prison Mailbox Rule":

Case Name: Travyon C. Harbor Vs. CDCR, et al.,   Case #: 2;19-cv-0383-EFB P

Document(s) Served: Second  Amendmented Complaint

_____

_____

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form

attached pursuant to prison regulations, was/were addressed as follows:

United States Court
Eastern District of California
501 I st., STE 4-200
Sacramento, California  95814-2322

I declare under penalty of perjury that the foregoing is true and correct.  This declaration was

executed on 9-14-2020 , in Vacaville, California

"date"            Signature: _Travyon C. Harbor_

Printed Name: Travyon C. Harbor