UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVYON C. HARBOR,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, *et al.*,<br><br>  Defendants. | Case No. 2:19-cv-00384-JAM-JDP (PC)<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE<br><br>ECF No. 32<br><br>FINDINGS AND RECOMMENDATIONS THAT:<br><br>(1) DEFENDANT'S MOTION TO DISMISS BE GRANTED;<br><br>(2) PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND JOINDER BE DENIED<br><br>ECF Nos. 31, 36 |

Plaintiff Travyon C. Harbor is a state prisoner proceeding without counsel in this action brought 42 U.S.C. § 1983. He alleges that defendants Kernan, Martel, Casillas, Grigsby, and Weinholdt violated his First, Fourth, and Eighth Amendment rights. ECF No. 17 at 9, 16, & 19. He also brings California law claims for intentional infliction of emotional distress and for violations of the Bane Act. *Id.* at 11-13. Defendants have moved to dismiss these two state law claims. ECF No. 38. I recommend that their motion be granted. I also recommend that plaintiff's motion for joinder, filed after the motion to dismiss, be denied.

1

**Motion to Dismiss**

**A.     Legal Standards**

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

**B.     Analysis**

Defendants correctly argue that plaintiff's intentional infliction of emotional distress and Bane Act claims are subject to the California Government Claims Act ("GCA"). *See Shirk v.*

2

*Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 64 Cal. Rptr. 3d 210, 164 P.3d 630, 634 (Cal. 2007) (holding that timely presentation of state tort claims under the GCA is required before filing suit against a public entity or its employees). In his opposition, plaintiff concedes that he did not timely present his Bane Act claim and, thus, he does not oppose its dismissal. ECF No. 33 at 2.

Plaintiff does, however, oppose dismissal of his intentional infliction of emotional distress claim. His argument does not address the GCA's bar for non-presented tort claims, however, and focuses entirely on why this claim is not barred by the Prison Litigation Reform Act's actual injury requirement. ECF No. 33 at 2-3. Thus, it does nothing to save this claim.[1] *See, e.g.*, *McElroy v. Gustafson*, No. 2:12-cv-1518-TLN-EFB P, 2015 U.S. Dist. LEXIS 127050, *5 (E.D. Cal. Sept. 22, 2015) ("[P]laintiff has not alleged a proper state law tort claim for assault and battery or intentional infliction of emotional distress because he has not alleged compliance with the California Government Claims Act . . . .").

**Motion for Joinder**

Plaintiff requests appointment of counsel and joinder of this case with *Cumby v. CDCR*, No. 2:21-cv-01897-JAM-KJN. ECF No. 36. *Cumby* was closed on February 9, 2022, however, and plaintiff's motion for joinder should be denied on that basis. His request for appointment of counsel was predicated on the joinder of these cases and should also be denied.

Accordingly, it is RECOMMENDED that:

1. defendants' motion to dismiss, ECF No. 31, be GRANTED, and plaintiff's intentional infliction of emotional distress and Bane Act claims be dismissed without prejudice; and

2. plaintiff's motion for appointment of counsel and joinder, ECF No. 36, be DENIED.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and

---

[1] Defendants request that I take judicial notice of state records indicating that plaintiff has not submitted his claims under the GCA. ECF No. 32. I will do so. Judicial notice is appropriate where the fact at issue "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The GCA records search results meet these requirements.

recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   February 25, 2022                          _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE